## MEEKER *vs.* HILL AND OTHERS.

A promissory note, given for compound interest which accrued on other notes, is not usurious.

The provisions, contained in the third section of the act, entitled " An Act to restrain the taking of Usury," passed in 1849, are applicable to the taking, or reserving, usurious interest for the further forbearance of loans previously made, as well as to the taking, or reserving, usurious interest, at the time when the contract is made.

THIS was a bill in chancery, brought to the superior court, for Fairfield county, October term, 1854, to foreclose the defendants of the right of redemption in certain mortgaged premises. The bill stated that, on the 14th day of August, 1849, Frederick W. Meeker, then in full life, since deceased, and Francis Meeker, were indebted to John S. Hill, since deceased, by their joint and several note, in the sum of $1,788, payable on demand, with interest annually, and, to secure the payment of said note, on the day aforesaid, they mortgaged to said Hill, the land in question.

Frederick Meeker afterwards died insolvent, and Francis became the sole owner of the equity of redemption in said mortgaged premises, and refused to pay said note. The note was distributed to the plaintiff, as the widow of said Hill, as a part of her share in his estate.

The defendant, in his answer, averred, that the note, at the time of the making thereof, was void, because it was given by the makers to the payee, in consideration of the interest accrued upon two other notes, then held by said Hill, against one Arza Meeker, both dated August 4, 1840, one for the sum of $3,000, and the other for the sum of $2,900, payable on demand, with interest. At the making of the note mentioned in the bill, the interest on said two notes was calculated by said Hill, at compound interest, which the defendant claimed was unlawful and usurious, and at a greater rate than six dollars for the hundred dollars. The amount of

Meeker *v.* Hill and others.

said interest, as computed, was $1,788, which was the only consideration of the note, in the bill mentioned.

A committee, to whom the cause was referred, made their report, embracing, among other matters, the following facts.

On the 11th day of August, 1849, Arza Meeker, the father of said Frederick and Francis, was indebted to said Hill, then living, by two notes of hand by said Arza, given to said Hill, each dated December 4th, 1840, each payable on demand, with interest annually, one of which was for the sum of three thousand dollars, on which interest had been paid to December 4th, 1848,—the other for the sum of twenty-nine hundred dollars, on which interest had been paid to the 4th day of December, 1841, only,—the remaining interest, which had accrued on said notes, respectively, being then still unpaid and due from said Arza to said Hill. That, for the security of payment of said two notes, said Arza, on the 4th day of December, 1840, executed to said Hill, a mortgage, by warranty deed of that date, embracing in its terms the same land and buildings in said bill described. On said 11th day of August, 1849, said Hill called on said Arza to make some arrangement for securing the payment of the interest which remained unpaid, as aforesaid, and advised said Arza to convey his equity of redemption in said property, so mortgaged to said Frederick and Francis, and that they should, thereupon, give their note to said Hill, for the interest then due, and their mortgage of said equity of redemption, for security of payment of the same. No such arrangement was then made, but afterward, it was agreed, between said Hill, Arza, Frederick and Francis, that said arrangement should be made, in conformity with the advice of said Hill. It was then suggested by said John, that the interest on said notes, and for which said Frederick and Francis were to give their notes, as aforesaid, should be cast at compound rate if said Arza had no objection, and said Arza assented to the compounding of said interest. Thereupon said interest was then, in the presence of said

John and Arza, computed at compound rate, by said Francis.

Thereupon said Frederick and Francis executed to said Hill, the note and mortgage in said bill mentioned, which was given for the interest which had accrued on said notes, compounded as aforesaid. No agreement for compound interest had been made between said John and Arza, nor any suggestion made by said John, that said interest should be compounded, before the time when said John proposed it should be compounded. In conformity with said arrangement, said Arza then conveyed to said Frederick and Francis, his said equity of redemption. There was no agreement made by said John for further forbearance of payment of said notes so given by said Arza, nor of either of them, as the consideration, or any part of the consideration of said note in said bill mentioned; but the entire consideration of the same was the interest at compound rate, as aforesaid.

There was, on the 23d day of February, A. D. 1855, due upon said note, if there was no legal objection thereto, the sum of $1,520.13, and the same was due to the plaintiff, she being the owner of said note, by distribution, as in said bill alleged, and the said Francis, since the decease of said Frederick, became, and now is, the sole owner of said equity of redemption.

There was, on the 23d day of February, 1855, due upon the notes so given by said Arza to said John, the sum of $6,793.89, for the payment of which so much of said land and buildings embraced in said mortgage, given by said Arza, as is subject to and bound thereby, is by force thereof liable.

The court accepted said report, found the facts therein set forth to be true, and also found that said note was not, in any part thereof, usurious or void, and passed a decree accordingly.

The defendant thereupon filed his motion in error, and brought the record before this court for revision.

*Ferry*, and *W. F. Taylor*, in support of the motion.

The note, on which the mortgage was predicated, was usurious, being repugnant to the last clause of the act of 1849, in addition to the act to restrain usury. Rev. Stat. 1854, p. 867. The note in question, being entirely for interest, at compound rate, was taken for further forbearance of the former loans. If said note is not void for these reasons, it is void, as falling directly within the prohibitions of the clause of the statute referred to.

*Butler & Carter*, and *Averill*, against the motion, contended,

1. That the note is not a contract to take, accept, or receive, by means of any bargain, loan, exchange, or devise, more than six dollars for the forbearance of one hundred dollars, for a year, and is not within the letter, or spirit, of any act to restrain the taking of usury, and therefore is not usurious or void. Rev. Stat. 1849, ch. 18.

2. That as the interest on the two original notes, by the terms thereof, to be paid annually, was not so paid, but a large amount remained unpaid, after it became due, it was computed at compound rate. There was no other consideration whatever, for the present note, than the interest so cast, which is what the plaintiff was legally, equitably, and morally entitled to.

It has been well settled by this court, that interest computed, as this was, is not usurious. *Camp* v. *Bates*, 11 Conn. R., 487.

HINMAN, J. The point in dispute in this case, was carefully examined, and settled by this court, in the case of *Camp* v. *Bates*, 11 Conn. R., 487, and can not now be considered an open question. It is suggested, however, that the decision in that case, is not an authority against the defendant here, for the reason, that the question is not raised upon the general statute against usury, as it stood previous to

1849, but upon the last clause of the act of that year, which provides that the provisions of the third section of that act shall apply, not only to cases where usurious interest is reserved, or taken, at the inception of the contract, but also to cases where interest, beyond the rate allowed by law, is taken or reserved for further forbearance of loans previously made. Rev. Stat. 1854, pp. 867, 868.

But it appears to us, that by the expression, "beyond the rate allowed by law," as used in the act of 1849, the legislature did not mean to make a distinction between usurious interest and any other kind of interest, which, though not strictly considered to be usurious, they denominated, or characterized, as interest beyond the rate allowed by law. All that was meant by this form of expression was, that the provisions of that section should extend, as well to cases where usurious interest was reserved, or taken for further forbearance of former loans, previously made at the legal rate of interest, as to cases where the usurious interest is reserved, or taken, at the time when the contract is first made. With this view of the meaning of the act of 1849, it is obvious that the decision in the case of *Camp* v. *Bates,* which can not be distinguished from this case, in respect to the facts upon which it was made, becomes a controlling authority, which we have no right to disregard, even if we wished to do so. But we believe, with the court in that case, that the taking of compound interest can not, *per se,* be considered usurious; and an agreement to pay it, made after the interest has become due, on a contract reserving interest to be paid annually, or at stated periods, is not only legal, but is generally just and equitable, as founded upon a moral and equitable consideration. There is therefore no error in the judgment complained of.

In this opinion the other judges concurred except Waite, C. J., who was disqualified.

Decree affirmed.